JOYCE A. WOLFBURG *v.* WILLIAM D. WOLFBURG
(10258)

DUPONT, C. J., LANDAU and HEIMAN, Js.

Argued December 14, 1991—decision released April 21, 1992

*B. Paul Kaplan,* for the appellant (defendant).

*Carol A. Brigham,* for the appellee (plaintiff).

DUPONT, C. J. This is an appeal from a judgment rendered in a dissolution of marriage action. The defendant challenges the financial awards, claiming that the trial court (1) abused its discretion in valuing the parties' furniture, (2) abused its discretion in ordering certain debts to be divided equally between the parties in light of its other awards, (3) improperly awarded time limited alimony to the plaintiff during their son's

minority. The first two claims are garden variety appellate claims. The third issue raised requires a resolution of whether the economic impact of providing the main custodial care of a child may, under certain circumstances, be a basis for limiting the term of alimony payments to a period coextensive with the child's minority.

The parties were married in November of 1968. Two children were born during the marriage, one of whom had attained her majority prior to the commencement of this action. At the time of the dissolution, the plaintiff was forty years old and worked approximately twenty-five hours per week as a computer operator, with a net weekly income of approximately $255. The defendant was a forty-one year old police officer whose earnings were supplemented by workers' compensation benefits, with a net weekly income of approximately $590. The parties' minor child was ten years old.

In April, 1989, the plaintiff learned that the defendant had been involved in an affair with another woman for one and one-half years. Despite repeated promises to terminate that relationship, the defendant's inability to keep those promises led to the plaintiff's filing a complaint for divorce. After the complaint was filed, the other woman gave birth to the defendant's twin sons.

The marriage was dissolved on April 30, 1991. The court awarded the parties joint custody of their minor son but gave primary physical custody to the plaintiff. The court ordered alimony to the plaintiff in the amount of $95 per week until August 1, 1998, unless sooner terminated by the death or remarriage of the plaintiff. The minor son will attain his majority on August 2, 1998.[1]

---

[1] There is no doubt that the court intended the alimony and child support to be coextensive in time. When speaking of the date alimony was to cease, the court stated "Joshua becomes eighteen (18) years of age—and I'm setting the date as August 1, 1998—one day off, but I thought I would round it off there . . . ."

The alimony was made nonmodifiable as to term only. The court also ordered child support in the amount of $135 per week.

The defendant was ordered to maintain medical and dental insurance for the minor child and the plaintiff for two years. The plaintiff was ordered to reimburse the defendant for any increased premium due to her coverage. Uninsured medical expenses for the minor child were ordered to be divided equally between the parties. The defendant was also ordered to maintain life insurance with a minimum face value of $50,000 for the plaintiff's benefit until alimony ceased or the child attained his majority, whichever was later.

The defendant was ordered to deed his interest in the marital real estate to the plaintiff by quitclaim deed and the plaintiff was ordered to execute a mortgage deed and note in the amount of $17,378 to the defendant, payable upon her remarriage, death, the sale of the home or August 2, 1998, whichever soonest occurred.

This court has repeated on many occasions that a trial court has broad discretion in domestic relations cases. *Savage* v. *Savage,* 25 Conn. App. 693, 695, 596 A.2d 23 (1990). Because of the opportunity for the trial court to observe the parties, great weight is given its judgment with respect to financial awards. *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984); *Breen* v. *Breen,* 18 Conn. App. 166, 169, 557 A.2d 140 (1989). As a reviewing court, we are limited to determining whether the trial court abused its discretion in making those awards. *Barnes* v. *Barnes,* 190 Conn. 491, 494–95, 460 A.2d 1302 (1983). For us to conclude that the trial court abused its discretion, we must find that the court " 'either incorrectly applied the law or could not reasonably conclude as it did.' " *Trivelli* v. *Trivelli,* 5 Conn. App. 488, 490, 500 A.2d 244 (1985), quoting *Sweet* v. *Sweet,* 190 Conn. 657, 664, 462 A.2d 1031

(1983). Having reviewed the record and the evidence in this case, we conclude that the award of the trial court as to the amount of alimony, the valuation of the furniture and the division of the payment of the parties' debts was clearly within the parameters of its broad discretion and was in accordance with the law and the evidence.

The defendant challenges the nonmodifiable duration of the time limited alimony on two grounds. First, he claims that the plaintiff has extensive job skills and, therefore, does not need time limited alimony for the purpose of further education or job training. Second, he argues that in linking the term of alimony to the period of their child's minority, the court impermissibly awarded additional child support under the guise of time limited alimony.

General Statutes § 46b-82 sets out a number of criteria for the court to consider in exercising its discretion in awarding alimony. These include the length of the marriage, the causes for the dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of the parties. The trial court expressly considered the statutory factors and specifically discussed the employability, the vocational skills, and the amount and sources of income in its oral decision.

Where alimony of limited duration is awarded, however, there must also be "sufficient evidence to support the trial court's finding that the spouse should receive time limited alimony for the particular duration established. If the time period for the periodic alimony is logically inconsistent with the facts found or the evidence, it cannot stand." *Henin* v. *Henin,* 26 Conn. App. 386, 392, 601 A.2d 550 (1992).

We agree with the defendant that the record amply supports his contention that the plaintiff is not in need of training or further education in order to obtain the skills necessary to attain self-sufficiency. We do not agree, however, that a rehabilitative purpose was the basis of the time limited award of alimony in this case. "Although time limited alimony awards are usually rehabilitative in purpose, there may be other valid reasons for awarding such alimony." *Roach* v. *Roach,* 20 Conn. App. 500, 506, 568 A.2d 1037 (1990); see also *Henin* v. *Henin,* supra; *Kane* v. *Parry,* 24 Conn. App. 307, 314, 588 A.2d 227 (1991).

A valid purpose of time limited alimony is to provide interim support until a future event occurs that makes such support less necessary or unnecessary. *Henin* v. *Henin,* supra. The particular length of time needed for alimony can sometimes be established by predicting when future earnings, based on earning capacity as known at the time of the dissolution, will be sufficient for self-sufficiency. *Kane* v. *Parry,* supra, 314–15.

The defendant's claim, in effect, is that the trial court impermissibly awarded alimony for a longer period of time than can be supported by the record because it wanted to award child support in an amount greater than necessary to support the child. In other words, the defendant argues that the alimony here is really child support. This argument is a twist on the issue raised in *Brown* v. *Brown,* 190 Conn. 345, 349, 460 A.2d 1287 (1983), which held that an award of child support can be so disproportionate to the child's needs that it is obviously a mask for alimony, and, therefore, cannot be upheld. Here, the defendant's claim is that the alimony is so disproportionate to the plaintiff's needs, in terms of the time period over which it is to be paid, that it must be child support. We do not agree.

*Misinonile* v. *Misinonile,* 190 Conn. 132, 459 A.2d 518 (1983), is a case similar to, but not dispositive of, the present case. In *Misinonile,* a father claimed that the trial court had no jurisdiction to award alimony, unlimited as to term, because the alimony was in actuality an award for support of a mentally retarded child who would attain her majority long before the alimony ceased. It was argued, therefore, that the alimony was not needed as support for the wife but was instead an impermissible attempt by the court to provide for an adult child. The court determined that the trial court had jurisdiction because it could not be shown that the alimony was disguised child support for a soon to be adult mentally retarded child. Id. The court specifically left unanswered the question of whether a trial court could, in determining the amount of alimony to be awarded, "consider the economic impact on the [custodial party] of providing care and comfort for her child after the child had attained her majority . . . ." Id., 136. The specific question of the present case is whether a trial court can consider the economic and other consequences of providing primary care for a minor child in establishing the term of time limited alimony.

Here, jurisdiction to award either child support or alimony clearly exists. Our question is, therefore, not jurisdictional, but, instead, whether the court improperly set the period for alimony payments to equate with the period of the child's minority. This question is based on the subsidiary question of whether the economic impact on a custodial parent and the caretaking responsibility of such a parent can be reflected in conforming the duration of alimony payments to the period of the child's minority. We conclude that if a record supports a finding that the parties had agreed, during the viable days of the marriage, that one of them should shape the time spent in a career or employment to the needs of the family during the minority of the child,

alimony limited in duration to the period of minority may be awarded, at the discretion of the trial court, because the caretaker's ability to maximize self-sufficiency has been impaired for that period.

Alimony is payment for support of a former spouse and child support is payment for support of a minor child. Although the two must be kept separate when the court determines the appropriate awards as to each; *Brown* v. *Brown,* supra; the distinction between the two kinds of payments is easily blurred, particularly when the child for whom the support is needed resides primarily with the recipient of the alimony.

Here, the record supports the conclusion that the trial court's rationale for the time limited alimony was to allow the plaintiff the time necessary to care for the dependent child. It has been recognized that the duration of alimony may be based on such a factor. See 24 Am. Jur. 2d § 748 (1991 Sup.). The testimony in this case was that twice during the parties' marriage, the plaintiff quit full-time employment at the defendant's insistence in order to devote more time to child rearing responsibilities. Subsequently, the plaintiff was able to develop part-time work opportunities that allowed her to work during regular school hours and to be available at home to meet the needs of the family. At the time of trial, the plaintiff had maximized the economic aspects of that arrangement by securing part-time employment in her field of training at a higher hourly wage than that offered in similar positions available on a full-time basis. The testimony established that the defendant agreed to that arrangement during the marriage.

It was within the discretion of the trial court to conclude on the basis of these specific facts that the decision of the parties to provide their minor child with a parent's attention warranted time limited alimony. But

for the dissolution, the plaintiff would have continued part-time employment and that need not be changed solely because the marriage has dissolved. See *Hall* v. *Hall,* 1363 So. 2d 137, 140 (Fla. App. 1978), cert. denied, 370 So. 2d 459 (Fla. 1979).

There is a rationale for the particular length of time for the time limited alimony as set by the trial court, which is supported by the record, and the trial court did not abuse its discretion in providing for alimony until the minor child attained his majority.

The judgment is affirmed.

In this opinion the other judges concurred.