ELLEN ANN IPPOLITO *v.* RAYMOND JOSEPH IPPOLITO
(10348)

DALY, LANDAU and HEIMAN, Js.

Argued June 15—decision released August 25, 1992

*Gary I. Cohen,* with whom, on the brief, was *Alan S. Rubenstein,* for the appellant (plaintiff).

*Richard L. Goldblatt,* for the appellee (defendant).

DALY, J. In this appeal from the judgment in a marital dissolution action, the plaintiff, Ellen Ippolito, claims that (1) the state trial referee's judgment was not rendered within 120 days in violation of General Statutes § 51-183b, (2) the award of time limited alimony was inconsistent with the factual findings made by the referee, and (3) the state trial referee improperly applied the statutory criteria for awarding alimony and property by focusing on the relative fault of the parties toward the breakdown of the marriage.

The following facts are relevant to this appeal. The plaintiff and the defendant were married in June, 1969. At that time, the defendant began medical school. The plaintiff assisted the defendant during his education

and was the primary caretaker for their children. The parties endured financial hardships during the early years of their marriage while the defendant spent long hours studying and preparing to become a doctor. In 1978, the defendant entered into private practice as a surgeon and the parties' financial condition greatly improved. The defendant opened his own office with the assistance of the plaintiff.

In 1978, the parties bought a house in Hamden. The defendant paid for all of the financing and expenses related to the house. At the plaintiff's suggestion, the defendant spent approximately $70,000 to open a gym. The plaintiff handled the daily operations of the gym and the defendant took care of the finances and expenses related to the gym's operation. The gym later went out of business.

The state trial referee found that the plaintiff engaged in two extramarital affairs during the course of the parties' marriage. He noted that the defendant's inattention toward the plaintiff also contributed to the breakdown of the marriage. The state trial referee concluded that "while both [parties] contributed to the breakdown, the major contributor was the plaintiff."

The state trial referee ordered the defendant to pay $100,000 lump sum alimony and $850 per week as periodic alimony for a period of ten years which was nonmodifiable as to duration. The lump sum alimony order was to assist the plaintiff in paying the mortgage and related expenses of the marital residence until it was sold within two years after judgment. The plaintiff retained sole possession of the marital residence. The state trial referee ordered that the plaintiff would receive 65 percent of the net proceeds of the sale of the marital residence with the defendant receiving the other 35 percent. The plaintiff was liable for any expenses related to the upkeep of the marital residence.

## I

The plaintiff claims that the state trial referee's decision was issued more than 120 days after the completion of the trial thereby violating General Statutes § 51-183b. We disagree.

The following additional facts are relevant to this claim. On December 14, 1990, at the close of evidence, the trial referee and counsel for both parties discussed the filing of briefs in this matter.[1] The referee noted that if either counsel sought to file a reply brief and notified opposing counsel, he would allow "both sides an opportunity to file reply briefs." On December 18, 1990, the referee, after setting a date for the filing of briefs, stated that only one memorandum of law should be filed by the parties. On January 23, 1991, the plaintiff filed her brief and the defendant filed his brief the next day. On January 29, 1991, the defendant filed a reply brief. On May 29, 1991, the state trial referee issued his memorandum of decision.

On June 18, 1991, the plaintiff filed motions to vacate the judgment and for a new trial. The plaintiff argued that the completion date of the trial was January 24, 1991. The state trial referee's decision was issued more

[1] The following colloquy took place between the court and plaintiff's counsel:

"The Court: Well, in family matters I have placed both parties on equal footing, neither is attempting to prove any more than the other, therefore you have equal opportunities. You will be given a certain amount of time. If you wish more time, I'll give you more time. If you wish rebuttal, the other side will have rebuttal. As far as briefs are concerned, I generally have required simultaneous on the briefs, no rebuttals. If you take exception, Mr. Cohen, that's my practice.

"Mr. Cohen: No, no, Your Honor, only that if new matters are opened in the brief, I'd like an opportunity to reply. For example, today was the first time—

"The Court: I will say this, if you request, and you notify counsel that you request, time to file a reply brief, I would grant both sides an opportunity to file reply briefs."

than 120 days after that date and was void according to General Statutes § 51-183b. The plaintiff's motion was argued before the trial court, *DeMayo, J.* On July 31, 1991, the trial court denied the plaintiff's motion to vacate the state trial referee's decision. The court found that January 29, 1991, the date of the defendant's reply brief, constituted the completion date of the trial. The court reasoned that because the plaintiff never objected to the filing of the defendant's reply brief and the state trial referee did not return the defendant's reply brief, it was utilized by the state trial referee in his decision making. The decision was issued on May 29, which was 120 days from the completion date, and did not violate § 51-183b. The trial court further found that because the plaintiff did not move to vacate the judgment until June 17, 1991, her objection to the timeliness of the judgment was "unseasonable." Because of the plaintiff's unseasonable objection, the trial court found that she impliedly consented to the alleged late judgment.

General Statutes § 51-183b[2] provides that the trial court's judgment in a civil nonjury case shall be rendered "not later than one hundred and twenty days from the completion date of the trial." In *Frank* v. *Streeter,* 192 Conn. 601, 472 A.2d 1281 (1984), our Supreme Court held that the "completion date" of § 51-183b encompasses the filing of briefs after the conclusion of testimony. The Supreme Court reasoned that this interpretation was necessary in order to provide the trial court with "the opportunity to deliberate and to reach a thoughtful, reasoned conclusion." Id., 605.

---

[2] "[General Statutes] Sec. 51-183b. (Formerly Sec. 51-29). JUDGMENTS IN CIVIL ACTIONS. TIME LIMIT. Any judge of the superior court and any state trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

On the basis of our review, we conclude that the trial court properly found that the completion date of this trial was January 29, 1991, the date on which the defendant filed his reply brief. The state trial referee did give inconsistent statements as to his position on the filing of reply briefs. The fact that the state trial referee did not return the reply brief or notify the parties that he would not accept the reply brief indicates that he considered it part of the posttrial briefing process. The state trial referee noted that in dissolution matters he would accept reply briefs from both parties if the opposing counsel was notified. The plaintiff does not claim that she was not notified of the filing of the defendant's reply brief. The plaintiff also did not file an objection to or a motion to strike the reply brief before the decision was rendered. These facts establish that the completion date was January 29, and that the decision rendered on May 29 did not violate § 51-183b. In light of this conclusion, we need not decide whether the trial court properly found that the plaintiff's motion to vacate the judgment was an unseasonable objection that constituted a waiver of her right to challenge the judgment as violating § 51-183b.

II

The plaintiff next challenges the state trial referee's award of time limited alimony. The plaintiff argues that the referee failed to give any explanation or rationale for his award of time limited alimony and that the facts found by the referee do not support an award of time limited alimony. We agree.

The referee noted in his decision that he examined and considered all relevant statutory provisions. During the parties' twenty-one year marriage, the defendant made all of the financial contributions to the family while the plaintiff maintained the home and cared for the children. The referee found that the plaintiff had

no special educational background or special skills. The plaintiff had not worked outside of the home during the marriage, except for a short time as a cashier and for several years as an instructor at a body building gym. The state trial referee found that the plaintiff "has been entirely dependent upon her husband for all expenses incurred, for the family and for herself personally."

Our review "of a trial court's exercise of its broad discretion in domestic relations cases is limited to whether that court correctly applied the law and whether it could reasonably conclude as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985)." *Louney* v. *Louney,* 13 Conn. App. 270, 273, 535 A.2d 1318 (1988). The trial court must consider all relevant statutory criteria in a marital dissolution action but it does not have to make express findings as to the applicability of each criteria. *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982). The trial court may place varying degrees of importance on each criterion according to the factual circumstances of each case. *Carpenter* v. *Carpenter,* 188 Conn. 736, 740–41, 453 A.2d 1151 (1982).

This court has dealt with challenges to an award of time limited alimony on numerous occasions. *Wolfburg* v. *Wolfburg,* 27 Conn. App. 396, 606 A.2d 48 (1992); *Henin* v. *Henin,* 26 Conn. App. 386, 601 A.2d 550 (1992); *Watson* v. *Watson,* 20 Conn. App. 551, 568 A.2d 1044 (1990); *Roach* v. *Roach,* 20 Conn. App. 500, 568 A.2d 1037 (1990). The trial court does not have to make a detailed finding justifying its award of time limited alimony. See *Markarian* v. *Markarian,* 2 Conn. App. 14, 17 n.2, 475 A.2d 337 (1984). Although a specific finding for an award of time limited alimony is not required, the record must indicate the basis for the trial court's award. Id., 16. There must be "sufficient evidence to support the trial court's finding that the spouse should

receive time limited alimony for the particular duration established. If the time period for the periodic alimony is logically inconsistent with the facts found or the evidence, it cannot stand." *Henin* v. *Henin, supra,* 392.

We have noted that " '[u]nderlying the concept of time limited alimony is the sound policy that such awards may provide an incentive for the spouse receiving support to use diligence in procuring training or skills necessary to attain self-sufficiency.' " *Roach* v. *Roach, supra,* 506. A time limited alimony award generally is for rehabilitative purposes but other reasons may also support this type of alimony award. Id.

Here, the state trial referee found that the plaintiff lacked any special skills or training that could assist her in obtaining employment. The referee gave no basis for his limiting the plaintiff's alimony award in this manner such as a finding that time limited alimony would enable her to obtain training to become employable in a chosen field. The plaintiff was found to have been dependent on the defendant for all her expenses during the marriage. There is no evidence in the record as to how an award of periodic alimony will assist the plaintiff to become employed so that she can support herself without assistance from the defendant. There is no indication as to what training will enable the plaintiff to become self-sufficient. The record fails to reveal how the plaintiff could develop an earning capacity that would allow her to maintain her previous lifestyle or as to what kind of work the plaintiff could do. Therefore, there is no basis in the record to support this award of time limited alimony as having a rehabilitative purpose.

Another "valid purpose for time limited alimony is to provide interim support until a future event occurs that makes such support less necessary or unnecessary." *Wolfburg* v. *Wolfburg, supra,* 400. In *Wolfburg,* our review of the record revealed that the time limited

alimony award was found to provide interim support until the minor child reached the age of majority. Id., 402. This constituted a valid purpose for an award of time limited alimony. Other future events that may require interim support through an award of time limited alimony include occurrences "such as a bond maturation, trust disbursement, or mortgage maturation." *Henin* v. *Henin,* supra, 393. The ten year duration of periodic alimony does not coincide with any future event in this case. There is no evidence indicating that the time limited award of alimony functioned to provide interim support for the plaintiff until the occurrence of a future event that would reduce or eliminate the plaintiff's need for support.

The court's factual findings do not support its award of time limited alimony. We are unable to discern from our review of the record why the award of periodic alimony was limited to ten years. Thus, this financial order must be vacated and remanded.

"To limit the remand in this case to the issue of periodic alimony would impede the trial court's ability to weigh the statutory criteria for financial orders to achieve an equitable result. The issues involving financial orders are entirely interwoven. 'The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other.' *Ehrenkranz* v. *Ehrenkranz,* 2 Conn. App. 416, 424, 479 A.2d 826 (1984)." *Sunbury* v. *Sunbury,* 210 Conn. 170, 174–75, 553 A.2d 612 (1989). Because the award of periodic alimony may be dependent on other financial orders, the court on remand is not limited to determining an award of periodic alimony.

The judgment is reversed in part and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.