Bette Ann Mathis *v.* Donnie Lee Mathis
(10547)

Landau, Heiman and Schaller, Js.

Argued December 10, 1992—decision released February 9, 1993

*Linda P. Stambovsky,* with whom, on the brief, was *Patricia Buck Wolf,* for the appellant (plaintiff).

*Daniel M. Arcobello,* with whom, on the brief, was *Jerome J. Larracuente,* for the appellee (defendant).

Landau, J. The plaintiff appeals from the judgment in this action for the dissolution of her marriage, claiming that the trial court (1) abused its discretion by improperly distributing various real and personal property owned by the parties, and (2) improperly made the alimony award to the plaintiff a time limited alimony award. Because we agree with the plaintiff's second claim, we need not address the first claim, and reverse the judgment of the trial court and remand the case for a new trial.

The following facts are pertinent to this appeal. The parties were married in 1977, and the marriage had irretrievably broken down by the mid-1980s. At trial,

the court distributed various real and personal property between the parties in accordance with General Statutes §§ 46b-62, 46b-81, and 46b-82. The trial court also awarded time limited alimony in the amount of $75 per week for a period of eighteen months.

Review "of a trial court's exercise of its broad discretion in domestic relations cases is limited to whether that court correctly applied the law and whether it could reasonably conclude as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Louney* v. *Louney,* 13 Conn. App. 270, 273, 535 A.2d 1318 (1988). The trial court must consider all relevant statutory criteria in a marital dissolution action but it does not have to make express findings as to the applicability of each criteria. . . . The trial court may place varying degrees of importance on each criterion according to the factual circumstances of each case." (Citation omitted; internal quotation marks omitted.) *Ippolito* v. *Ippolito,* 28 Conn. App. 745, 751, 612 A.2d 131, cert. denied, 224 Conn. 905, 615 A.2d 1047 (1992).

We have reviewed challenges to an award of time limited alimony on many occasions. Id.; *Wolfburg* v. *Wolfburg,* 27 Conn. App. 396, 606 A.2d 48 (1992); *Henin* v. *Henin,* 26 Conn. App. 386, 601 A.2d 550 (1992); *Watson* v. *Watson,* 20 Conn. App. 551, 568 A.2d 1044 (1990); *Roach* v. *Roach,* 20 Conn. App. 500, 568 A.2d 1037 (1990). "The trial court does not have to make a detailed finding justifying its award of time limited alimony. . . . Although a specific finding for an award of time limited alimony is not required, the record must indicate the basis for the trial court's award. . . . There must be sufficient evidence to support the trial court's finding that the spouse should receive time limited alimony for the particular duration established. If the time period for the periodic alimony is logically inconsistent with the facts found or

the evidence, it cannot stand." (Citations omitted; internal quotation marks omitted.) *Ippolito* v. *Ippolito, supra,* 751–52.

There are several valid reasons for the awarding of time limited alimony. One is the "sound policy that such awards may provide an incentive for the spouse receiving support to use diligence in procuring training or skills necessary to attain self-sufficiency." (Internal quotation marks omitted.) Id., 752; *Roach* v. *Roach, supra,* 506. A time limited alimony award generally is for rehabilitative purposes, but other reasons may also support this type of alimony award. Another reason is to provide support for a spouse until some future event occurs that renders such support less necessary or unnecessary. *Ippolito* v. *Ippolito, supra,* 752; *Wolfburg* v. *Wolfburg, supra,* 400.

Our review of the record indicates no factual basis for the trial court's award of time limited alimony. The trial court does not state that the award is for rehabilitative purposes, for instance, or until such time as the plaintiff may be able to support herself or become less dependent on the defendant. Nor does the record indicate that the time limited alimony award is connected to any future event that will render the alimony less necessary or unnecessary. Indeed, we are unable to discern any reason from the record as to why the alimony award was limited to eighteen months. Therefore, this financial award must be vacated and remanded to the trial court.

We will not, however, limit the remand in this case solely to the issue of time limited alimony. "The issues involving financial orders are entirely interwoven. 'The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other.' " *Sunbury* v. *Sunbury,* 210 Conn. 170, 175, 553 A.2d 612 (1989). Therefore,

because the award of time limited alimony is connected to, and dependent on, the other financial orders, on remand the court is to reconsider all of the financial awards.

The judgment is reversed as to the financial orders and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.