[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: "SECOND LOOK"
The parties' marriage was dissolved by judgment entered November 29, 1994. The court reserved a "second look" at the periodic alimony and child support for reasons stated in the memorandum of decision.
The second look hearing was held on March 10, 1995. At that time the defendant was earning $75,000.00 annually from the same company that had originally agreed to pay him a much higher salary that has since proved unsustainable. The plaintiff had not returned to gainful employment.
Although the defendant's earning capacity was found to be greater than his current salary, there is no evidence that Millerv. Miller, 181 Conn. 610, is implicated. The potential of the business, which the defendant never attempted to minimize, warrants his accepting a lesser salary for the present time. CT Page 7150
The defendant's current net disposable weekly income is listed as $1,185 on his financial affidavit. The guidelines schedule for basic child support, § 46b-215a-2, provides a weekly support order of $358.00 for two children. The court adopts the figure and modifies the child support order to $358.00 weekly.
The defendant has remarried and his current wife contributes to the maintenance of their household. The present periodic alimony order is tax deductible by the defendant. Although the plaintiff has not returned to work, she did return to the area where she had lived prior to starting her career. The court will enter an order that is intended to encourage the plaintiff to seek employment, Ippolito v. Ippolito, 28 Conn. App. 745. The plaintiff presented a budget of just under $5,000.00 for her monthly expenses. The court finds it appropriate for the defendant to pay periodic alimony weekly in the amount of $200.00 until the plaintiff's death or remarriage.
The temporary order arrears of $2,958.00 found by the court as part of its decision was not intended to be forgiven. No order for payment was made at that time due to the defendant's lack of cash flow. He is ordered to pay same at the rate of $40.00 weekly until paid in full.
All orders are retroactive to March 10, 1995.
HARRIGAN, J.