[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de: PLAINTIFF'S MOTION FOR REARGUMENTAND REHEARING (137)
The court heard oral argument on this motion. The plaintiff indicated that no testimony would be required.
The plaintiff requested the court review the testimony of Dr. Nancy Nealon, a board certified neurologist, who has been treating the defendant since 1983. The doctor testified that the defendant has an MS category described as relapsing remitting disease. She CT Page 10123 stated there was no cure. Treatment consists of addressing the symptoms. The doctor has seen the defendant eight times over eleven years and noted that her examinations fluctuated minimally with changes in reflex but almost always had a Lhermitte's sign (upon flexing the neck, the patient gets a feeling of electricity or abnormal sensation running down the back) and has pulmonary abnormalities. The exams were otherwise normal. The defendant was never placed on medication. The doctor concluded that she didn't think the defendant will ever be disabled for a prolonged period of time. The doctor described the defendant as having benign disease at the present time and being clinically stable. "Her probability is to remain exactly the way she is", (Joint Exhibit #1, p. 31).
The doctor's testimony then focused on the defendant's ability to work. To quote the doctor:
"Functioning outside the home really depends on the degree of help the person has, so that they don't have to come home and do a second job when they come home. If they function outside the home, as long as they still have enough time to take care of themselves, and get adequate sleep, there is no reason that patients with MS cannot work." and:
"I would say that varies with the individual patient. I would counsel a patient who has MS and has five children that she could not handle two jobs, so that if she is actually better off to be in the work situation, and under less stress in the work situation, that's fine, as long as she has adequate help to take care of her children."
Based on Dr. Nealon's testimony the plaintiff urges the court to enter a time limited periodic alimony order, arguing that the defendant should be encouraged to return to work.
Ippolito v. Ippolito, 28 Conn. App. 745 holds that there must be a rationale for limiting the term, or until a future event occurs citing Wolfburg v. Wolfburg, 27 Conn. App. 396 as an example. That case found the minor's attaining majority a valid future event.
In the present case the defendant is the primary care-taker for five children, one 11, one 10 and triplets now 5. Nothing in the record indicates how the defendant should delegate running the house and caring for the five children in order for her to work CT Page 10124 outside of the home while still obtaining proper rest. It was clear to the court that the defendant cannot now, nor for the foreseeable future, do both jobs as the doctor characterized outside work and homemaking. The court found a periodic order of indefinite duration appropriate, relying on future events to unfold for revisiting the periodic order.
The plaintiff asserts the periodic order is unfair. He cites the child support order he agreed having entered in the paternity action FA 95-0142983. As pointed out in the original decision he is a "custodial parent", Sec 46b-215a-1, Conn. Child Support and Arrearage Guidelines. Any hardship created by said order is of his own making. The plaintiff's occupation, vocational skills, amount and sources of income and the opportunity for future acquisition of capital assets and income all greatly exceed the defendant's situation. The court finds it unnecessary to further defend its orders.
The parties stipulated to a division of the contents of the marital home, all as listed on Plaintiff's Exhibit #10. The order awarding the contents of the home to the defendant is modified by said Exhibit #10.[1]
The court finds as of the date of the hearing on this motion, September 7, 1995, that the pendente order has now been paid in full. There is, as of said date, an arrearage on the present order of $13,722.27.
HARRIGAN, J.
[EDITORS' NOTE: PLAINTIFF'S EXHIBIT IS ELECTRONICALLY NON-TRANSFERRABLE.]