[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, 44, whose birth name was Law, and the defendant, 45, married on February 14, 1985 in Stamford, Connecticut. The parties have resided in Connecticut for over a year prior to the commencement of this dissolution action returned to November 16, 1993. There are two minor children issue of the marriage: Simon d.o.b. March 28, 1986 and Robert d.o.b. June 13, 1988.
The parties reached agreement on custody and visitation which was reduced to writing and subscribed by the parties. It is approved, the original is placed in the court file, a copy is attached to this memorandum as Appendix A and it is incorporated in the judgment as the court's orders de custody, visitation and college expenses.
The parties further agreed that each shall provide $100,000.00 CT Page 4213-JJ life insurance naming the other party as trustee for the two children during the child support term i.e. $50,000.00 for each child on each policy. The plaintiff agreed to quit claim to the defendant her interest in their Westerly, Rhode Island real estate and the defendant shall be solely responsible for any mortgage balance, taxes and any other encumbrances holding the plaintiff harmless and indemnified. The defendant shall quit claim to the plaintiff all his interest in 267 Hoyt Street, Darien and the plaintiff shall hold the defendant harmless in similar fashion.
The parties further agreed that each will have one child as a dependency exemption, with the plaintiff listing Robert with the further understanding that once Simon can no longer be so claimed by the defendant that Robert's dependent status for income tax purposes shall be alternated.
Each party agreed to retain the motor vehicles as presently registered so that the plaintiff shall keep the 1987 and the 1983 Volvos and the defendant shall keep the 1987 Jeep and the motorcycle.
Both parties enjoy good health. The plaintiff holds an associate degree in accounting and the defendant has completed three years at U Conn.
The plaintiff is executive secretary at General Re, an insurance company, earning a gross weekly wage of $860.00 and $653.00 after mandatory tax and insurance deductions but before a loan repayment and a retirement deduction. The plaintiff incurs daycare and baby sitting expenses about $100.00 weekly. She had set aside IRA deferred compensation of $9,734.00 prior to the marriage and, in addition, has two additional IRA accounts totaling $3,982.00 and a retirement ESOP at General Re valued at $10,626.82, (Plaintiff's Exhibit #13).
The defendant is a fire fighter with the City of Stamford Fire Department with 18 years of service. His W-2 forms list his City pay total for 1995 as $63,600.00, for 1994 as $73,118.00 and for 1993 as $60,875.00, (Plaintiff's Exhibit #2). The defendant's financial affidavit dated March 5, 1996 states his monthly net income to be $3,248.00. He failed a Captain's exam recently. The defendant may elect retirement at half pay after twenty years of service, (Plaintiff's Exhibit #4). The pension is not subject to a QDRO, 29 U.S.C. § 1003 (b)(1). He has contributed to the plan a total of $39,000.00 to the time of trial in March, 1996. CT Page 4213-KK
The court has concluded that the marriage eroded during early 1993 and had broken down irretrievably by the Spring of 1993 when the plaintiff stated she wanted a divorce. The marriage was of eight years duration. The causes center on the defendant's work obligations, his rotating shifts, and his socializing after work. The court declines to allocate fault.
The child support guidelines apply. The plaintiff's net is $653.00 and the defendant's net is $756.00. The court allows $100.00 weekly daycare related expenses, thereby reducing the plaintiff's available net to $553.00. The parties combined net is $1,310.00 making their basic obligation $387.00 with the defendant's share 58% or $225.00.
The defendant's earning capacity is greater than the plaintiff's but, after the child support deducted, their capacities plaintiff's but, after the child support deducted, their capacities are not disparate.
The court finds no reason to award more than $1.00 periodic alimony payable annually for the protection of the plaintiff while the children are of tender age. A limitation of six years is found appropriate, Ippolito v. Ippolito, 28 Conn. App. 745.
The counsel fees of the attorney for the minors are approved in the amount of $3,660.00 with a balance unpaid of $2,910.00.
Having considered the evidence in light of the statutes, and in particular §§ 46b-81, 46b-82 and 46b-84, the court enters the following decree.
1. Judgment is entered dissolving the parties' marriage on the ground of irretrievable breakdown.
2. The stipulation as to custody and visitation is ordered.
3. The parties' agreements regarding life insurance, division of real property, division of dependency exemptions, and division of motor vehicles are all ordered.
4. Weekly child support of $225.00 is ordered paid by the defendant to the plaintiff with first payment due next Friday. A contingent wage withholding order is entered. CT Page 4213-LL
5. The defendant shall furnish the medical insurance for the minors at his sole expense. The parties shall divide equally any uninsured medical expenses incurred for the care and treatment of the minors. The provisions of § 46b-84 (d) shall apply.
6. The defendant is ordered to pay $1.00 per year periodic alimony to the plaintiff until the death of either party, the plaintiff's remarriage or May 1, 2002. The limitation on term is to remain effective despite any claim of change of circumstances. Section 46b-86 (b) also applies to this order.
7. The deferred compensations, retirement rights, IRAs and other like items are not reordered but shall remain as is.
8. Any other assets of any nature shall remain the sole property of the party now possessing same.
9. The plaintiff shall pay $410.00 to Attorney L. Barndollar on or before 60 days of this date.
10. The defendant shall pay $2,500.00 to Attorney L. Barndollar in five installments of $500.00 payable on the first day of each month commencing on July 1, 1996.
11. Each party shall remain liable on the liabilities each has listed on the filed financial affidavits including litigation expenses.
Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.