[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a marital dissolution action brought by the plaintiff, Kimberly Williams, by complaint dated September 14, 1998 seeking a legal separation as well as other relief. The defendant, Donald Williams, Jr., and the plaintiff have appeared by counsel. All CT Page 1661 statutory stays have expired. A case management report was approved April 12, 1999. On May 5, 1999, a guardian ad litem was appointed for the plaintiff. At trial, on December 10, 1999, the defendant proceeded on his cross-complaint seeking a dissolution of marriage. The plaintiff's guardian was present.
Based on the evidence, the court makes the following findings of facts:
The parties were married on December 15, 1993 in Boynton Beach, Florida;
The defendant has resided in Connecticut for at least one year prior to the filing of the complaint;
No minor children have been born to the plaintiff since the date of the marriage;
Neither party presently receives assistance from the State of Connecticut nor from any of its towns or municipalities.
The plaintiff is 36 years old. She met the defendant in Florida where both were residing. He worked in an auto repair shop and operated a tow truck after hours. She was not employed and she received social security benefits due to a long-standing mental condition, a condition the defendant was made aware of prior to the marriage. In June of 1994, the parties decided to move to Connecticut where they both had relatives. They rented a home in Pomfret. They raised dogs. The defendant went to work at a local tire and repair shop.
Not long after their arrival in Connecticut, the plaintiff's emotional problems began to resurface. She did not work around the house or cook as she had done previously. The defendant assumed some of the household chores and helped prepare meals. Then the plaintiff's problems were exacerbated by a serious motor vehicle accident some time in 1995 or 1996. She needed surgery for her neck and back injuries after which she was unable to perform even routine chores. By her own admission, she had previously thrived on physical activity. She felt "validated" by it and the loss of it due to the pain and pinched nerves in her arms and hands caused her to figuratively lose her "identity." She became extremely depressed and was hospitalized several times for issues relative to her mental health. The defendant, who had earlier been supportive of his wife's mental health problems, CT Page 1662 became resentful and criticized her conduct, especially her failure to care for their home and animals. They also argued over money matters. When the plaintiff settled her personal injury claim in 1997 for a net recovery of $66,000, she cashed the check and placed the money in a small box hidden in the residence. Except for a gift of $1,000 made to the defendant, and a now delinquent loan of $2,000 made to a then friend of the defendant, the plaintiff has had control of the proceeds of the settlement.
In August of 1998, the defendant left the family residence in Pomfret, taking only his clothes with him. The plaintiff was physically unable to care for the several dogs on the premises. Five were given away, one was euthanized, and one, the defendant's favorite, was given to him. The plaintiff's mental and physical condition continued to deteriorate and she required constant medical attention. Soon the cost of her medication would reach $350 weekly.
Shortly before the plaintiff and defendant separated, he began to work at Western Auto Tire Shop in Windham. Although health insurance was available for his wife at his new place of employment, the defendant inexplicably chose not to purchase coverage for her. This omission has caused a financial hardship for the plaintiff who has incurred bills totaling at least $5211.78 (Plaintiff's Exhibits 1-4). Since the separation, the plaintiff has exhausted the remainder of the settlement proceeds.
This action was commenced September 23, 1998. The plaintiff has resided for several months with her mother and stepfather in Massachusetts. She now has a health plan to cover her medical and prescription drug expenses.
The defendant voluntarily left Western Auto in May 1999. He is now employed at a Nissan dealership in Norwich as an auto mechanic. He earns $395 weekly. He is 44 years old. During the pendency of the action, the defendant, on several occasions, ignored court orders to pay alimony, pendente lite. On two occasions, contempt citations were required to enforce compliance.[1]
The parties are at odds primarily over the issue of alimony. The plaintiff's proposed order seeks $100 weekly, presumably until her death or remarriage. The defendant's proposed order seeks no alimony for the plaintiff. He does not seek alimony nor does he seek any part of the estate of the plaintiff under CT Page 1663 General Statute § 46b-81.
After hearing the testimony, the court finds that this six-year marriage has broken down irretrievably, in part due to the physical and mental problems of the plaintiff not anticipated by the defendant and in part due to the fault of the defendant who voluntarily left the family residence and thereby increased his own expenses while diminishing the income available to the parties. The plaintiff, who has never worked during the marriage, was left to her own devices for support. She has exhausted the property settlement proceeds in the process of supporting herself. Her social security disability check provides her with $124 weekly. There is no evidence to lead the court to conclude that she will ever be able to support herself. On the contrary, her present diagnoses of post-traumatic stress disorder, multiple personality disorder, and depression would indicate otherwise. Under the circumstances, time limited alimony would not be appropriate. Ippolito v. Ippolito, 28 Conn. App. 745 (1992)
The marriage was less than six years old when the parties separated. Although periodic alimony may be awarded in such cases, it does not seem appropriate here in view of his age and lack of substantial ability to increase his earnings. SeeWainwright v. Wainwright, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149591 (February 5, 1997, Tierney, J.).
The court, being mindful of the provisions of Chapter 815j of the General Statutes, particularly §§ 46b-81, 46b-82 and relevant case law, finds the following orders to be fair equitable:
 1. The marriage of the parties is dissolved on the ground of irretrievable breakdown;
 2. The plaintiff is awarded lump sum alimony in the amount of $6000 payable in the weekly amount of $50 until paid in full. See Ablow v. Goldsticker, Superior Court, judicial district of New Haven at New Haven, Docket No. 355232 (January 11, 1996, Alander, J.)
 3. By way of a property settlement, the defendant shall pay to the plaintiff within six months of the filing of the judgment file the sum of $2000 to reimburse her for a loan made to a former friend of the defendant at his direction, which loan CT Page 1664 remains unpaid;
 4. The defendant is ordered to pay within six months of the filing of the judgment the plaintiff's doctor's bills, pharmaceutical bills, and hospital bills in the amount of $5211.78 which were incurred by the plaintiff as a result of the defendant's failure to apply for and obtain health insurance benefits for the plaintiff as available to the defendant at his place of employment.
5. No order of counsel fees is entered.
 6. With the exception of specific orders to the contrary herein, each party shall be entitled to the ownership of the assets and shall be responsible for the payments of the liabilities shown on his or her financial affidavits and shall hold the other harmless from any liabilities set forth therein.[2]
7. The defendant shall prepare the judgment file.
Potter, J.