## FRANK MARMO *v.* PEGGY MARMO
### (AC 31894)

Bishop, Lavine and Robinson, Js.

Argued May 23—officially released August 30, 2011

*Helen Allen*, with whom, on the brief, was *Dyan Kozaczka*, for the appellant (defendant).

*Christopher G. Winans*, for the appellee (plaintiff).

LAVINE, J. The defendant, Peggy Marmo, appeals from the judgment of the trial court dissolving her marriage to the plaintiff, Frank Marmo. On appeal, the defendant claims that the court improperly (1) awarded her time limited alimony and (2) entered an order regarding the sale of the marital home that contradicts other orders of the court.[1] We affirm the judgment of the trial court.

In its June 16, 2009 memorandum of decision dissolving the parties' marriage, the court made the following findings that are relevant to the issue on appeal. The parties were married on August 8, 1992, and all four of their children were born on November 9, 1995. At the time of dissolution, the plaintiff had been employed as a special agent by the Federal Bureau of Investigation (FBI) since 1995 and the defendant was employed by the Newtown board of education. As a result of the plaintiff's advancement in his employment, the parties have moved several times from Connecticut to Virginia to the New York City area and back to Connecticut. During one fourteen month period, the plaintiff commuted between his assignment in Washington, D.C., and the parties' home in Connecticut on weekends.

The court found that differences between the parties arose early in their marriage. After the birth of the quadruplets, the plaintiff became "stressed out" by the responsibilities of work and family. In January, 1997, the plaintiff, "like a gentleman," talked to the defendant about his problems and told her that he thought his health was being impaired. The defendant ignored him and stated, "all you are to me is a paycheck." The plaintiff left home for three days but returned because

---

[1] At the time of oral argument in this court, the parties stipulated that they had an agreement with regard to the second issue. We therefore do not address it.

of the children. Moreover, the court found that, in addition to the differences in their personalities, the parties have encountered financial and emotional stresses that have strained the marriage. The court dissolved the marriage of the parties on the ground of irretrievable breakdown.

Pursuant to the court's orders, the parties have joint legal custody of their children until the children graduate from high school or they attain the age of eighteen, whichever occurs later.[2] The defendant has primary physical custody of the children, and the plaintiff has reasonable and flexible visitation with them. The plaintiff was ordered to pay the defendant child support until their children reach the age of eighteen or graduate from high school, whichever occurs later. The plaintiff also was ordered to obtain life insurance, naming the defendant and the children equal beneficiaries as long as he has an obligation to provide financial support to them. The plaintiff was ordered to pay the defendant $825 weekly in periodic alimony until June 1, 2013.

The parties own two pieces of real property in Newtown.[3] The court ordered the parties to sell the property at Boulder Creek immediately and share in the profit or loss from the sale. The parties are to continue to own jointly the marital residence at Valley Field Road North, where the defendant and children will reside until the property is sold or three months after the children reach the age of eighteen or graduate from high school, whichever occurs later. The defendant was ordered to pay the ordinary and necessary expenses of the household.

[2] At the time of dissolution in 2009, the parties' children were thirteen years old.

[3] Cartus Relocation Corporation (Cartus) placed liens on both properties when the parties failed to pay an equity advance for which the FBI later determined the plaintiff was ineligible. Cartus brought an action against the parties, which was settled by agreement.

After the court rendered judgment, the defendant filed a motion for articulation, pursuant to Practice Book § 11-11, requesting that the court explain its reason for the "short duration of the alimony," among other things. The plaintiff objected to the motion for articulation, arguing that the defendant was seeking to relitigate the case. The court denied the defendant's request to articulate the basis of its time limited alimony award. The defendant also filed a motion for articulation pursuant to Practice Book § 66-5 in which she asked the court to articulate the legal and factual basis for ordering time limited alimony, among other things. The court denied that specific request for articulation. The defendant did not file a motion for review pursuant to Practice Book § 66-6.

On appeal, the defendant claims the court abused its discretion by awarding her time limited alimony without stating its reasons therefor. We disagree.

"This court has repeated on many occasions that a trial court has broad discretion in domestic relations cases. . . . Because of the opportunity for the trial court to observe the parties, great weight is given its judgment with respect to financial awards. . . . As a reviewing court, we are limited to determining whether the trial court abused its discretion in making those awards. . . . For us to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Wolfburg* v. *Wolfburg*, 27 Conn. App. 396, 398, 606 A.2d 48 (1992).

General Statutes § 46b-82 (a) provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall . . . consider the length of the marriage, the causes for the . . . dissolution of the marriage . . .

the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . ." "There is no additional requirement that the court specifically state how it weighed the statutory criteria or explain in detail the importance assigned to each statutory factor." *Rivnak v. Rivnak*, 99 Conn. App. 326, 331, 913 A.2d 1096 (2007).

"The traditional purpose of alimony is to meet one's continuing duty to support. . . . [C]ourts have begun to limit the duration of alimony awards in order to encourage the receiving spouse to become self-sufficient." (Citations omitted; internal quotation marks omitted.) *Roach v. Roach*, 20 Conn. App. 500, 506, 568 A.2d 1037 (1990). "[U]nderlying the concept of time limited alimony is the sound policy that such awards may provide an incentive for the spouse receiving support to use diligence in procuring training or skills necessary to attain self-sufficiency. . . . A time limited alimony award generally is for rehabilitative purposes but other reasons may also support this type of alimony award." (Citation omitted; internal quotation marks omitted.) *Ippolito v. Ippolito*, 28 Conn. App. 745, 752, 612 A.2d 131, cert. denied, 224 Conn. 905, 615 A.2d 1047 (1992). "Another valid purpose for time limited alimony is to provide interim support until a future event occurs that makes such support less necessary or unnecessary. . . . In *Wolfburg* [v. *Wolfburg*, supra, 27 Conn. App. 402] our review of the record revealed that the time limited alimony award was found to provide interim support until the minor child reached the age of majority. . . . This constituted a valid purpose for an award of time limited alimony. Other future events that may require interim support through an award of time limited alimony include occurrences such as a bond maturation, trust disbursement, or mortgage maturation." (Citations omitted; internal quotation marks omitted.) *Ippolito v. Ippolito*, supra, 752–53.

"The trial court does not have to make a detailed finding justifying its award of time limited alimony. . . . Although a specific finding for an award of time limited alimony is not required, the record must indicate the basis for the trial court's award. . . . There must be sufficient evidence to support the trial court's finding that the spouse should receive time limited alimony for the particular duration established. If the time period for the periodic alimony is logically inconsistent with the facts found or the evidence, it cannot stand." (Internal quotation marks omitted.) *Mathis* v. *Mathis*, 30 Conn. App. 292, 293–94, 620 A.2d 174 (1993).

The record here reveals that the defendant testified to the following facts at trial. At the time of the parties' marriage, the defendant was thirty years old, owned a condominium and was employed as the computer department manager of a third party administrator of insurance benefits. She was earning $32,000 a year when she left that position in 1995 due to her pregnancy. The defendant also testified that she could not go back into the computer field without additional training due to advances in the field. When the parties lived in Tuxedo, New York, the defendant obtained certification to become a yoga instructor and started a business in 2003. The business was successful, but not lucrative.

At the time of trial, the defendant testified that she was employed by the Newtown board of education, working with computers twenty-seven hours a week in the children's school. She was earning $12.42 an hour and preferred the part-time employment because it coincided with the children's school schedule. In addition, the defendant was completing a bachelor's degree to enable her to obtain teacher certification. She expected to complete her degree in December, 2009, and obtain certification two years later. The defendant

plans to teach computer technology or technology integration in an elementary or middle school. The defendant also testified that she wanted the parties jointly to own the Valley Field Road North house until the children were out of high school when the house would be sold.[4]

On the basis of this record, we cannot conclude that the court abused its discretion by awarding the defendant four years of alimony. Within four years, the defendant, a person with a background in the computer field, expects to complete her bachelor's degree and obtain teacher certification. She already was working in the school system on a part-time basis. She intends to pursue full-time employment in an elementary or middle school. Moreover, the quadruplets, who were thirteen at the time of the dissolution, are expected to graduate from high school in four years and to turn eighteen soon thereafter. Those milestones, pursuant to orders of the court, call for the parties to sell the Valley Field Road North house. The four year, time limited alimony awarded by the court meets the purpose of helping the defendant rehabilitate and become self-sufficient. See *Ippolito* v. *Ippolito*, supra, 28 Conn. App. 752. Moreover, its end coincides with the quadruplets graduating from high school and reaching the age of majority. See id., 752–53.

On appeal, the defendant has argued that the court's award of time limited alimony is contrary to the teachings of *Ippolito* v. *Ippolito*, supra, 28 Conn. App. 745. *Ippolito* is factually distinct in that there was no factual basis in the record to support the court's award of time limited alimony. The wife in *Ippolito* "lacked any special skills or training that could assist her in obtaining

---

[4] During final argument after the presentation of evidence, counsel for the plaintiff argued that alimony should end after the children leave the house and the house is sold. The defendant did not offer a counterargument.

employment." Id., 752. The wife "was found to have been dependent on the [husband] for all her expenses during the marriage. There is no evidence in the record as to how an award of periodic alimony will assist the [wife] to become employed so that she can support herself without assistance from the [husband]. There is no indication as to what training will enable the [wife] to become self-sufficient." Id. The record here indicates that four years of alimony will provide the defendant with time to complete her undergraduate education and obtain teacher certification. The defendant was working part-time for the Newtown board of education. Within two years, she should have the credentials she needs to procure full-time employment. We therefore conclude that the court did not abuse its discretion by awarding the defendant time limited alimony.

The judgment is affirmed.

In this opinion the other judges concurred.