[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a limited contested dissolution of marriage. The court finds that it has jurisdiction. The parties were intermarried in Tamaki, New Zealand on February 2, 1991. The wife's maiden name is Durrans. One of the parties has lived in Connecticut for one year prior to the return date. The parties have no minor children and no minor children have been born to the wife since the date of the marriage. Neither of the parties has received any assistance from the State of Connecticut during the course of the marriage. The court finds that the marriage has broken down irretrievably and orders the marriage dissolved. The court finds the following facts: CT Page 4201
(1) The marriage broke down irretrievably after the incident on September 22, 1991 at approximately 5:30 in the morning.
(2) Both of the parties have Green Cards and they may work in the United States.
(3) The wife, a former model is unable to obtain modeling work since there is a different look today in the models, a thinner, younger look then she presents. (All as testified to by the wife). The last time the wife worked as a model was approximately June of 1990.
(4) The husband's current earnings are as shown on his financial affidavit which project out to an annual base salary of $95,000.00.
(5) The husband has substantial earning capacity beyond that $95,000.00, as shown by his previous tax returns and 1099's.
(6) The wife changed careers and has become a photo journalist.
(7) The husband paid for the wife's photo journalism courses.
(8) The wife did not work from the time the parties were married until after their separation.
(9) The wife left the marital home in August of 1992.
The court has listened to the parties and reviewed all the exhibits in the case. In addition, the court has taken into consideration all the statutory criteria set forth in 46b-81, the Assignment of Property and Transfer of Title Statute; 46b-82, The Alimony Statute; and 46b-62, the Attorney's Fee Statute, in rendering its decision. In addition, the court has reviewed the financial affidavits of the parties, their claims for relief and all other pleadings in the case.
In making this order, the court has taken into consideration Mathis v. Mathis, 30 Conn. App. 292 (1993). That case addresses time limited alimony. The court finds in this case, that time limited alimony is appropriate since it is the sound policy that such awards provide an incentive for the spouse receiving support to use diligence in procuring training or skills necessary to attain self-sufficiency. In addition, time limited alimony may be CT Page 4202 awarded for rehabilitative purposes.
Accordingly, the court makes the following orders:
(1) The husband is to pay to the wife periodic alimony in the sum of $2,600 per month commencing May 1, 1993. Said payment shall be made on the first of each month thereafter until eighteen consecutive months of payment have been made.
(2) It was represented by the husband that his earned income would not exceed $95,000 this year based on his work in process and other commissions due. This court has taken that representation into consideration in making its monthly order of $2,600.00. In the event that for calendar year 1993, the husband earns in excess of $95,000.00 he shall pay to the wife, the sum of 10% of the gross amount received over $95,000.00. Thus by way of example, if he receives $105,000.00, that is $10,000.00 over $95,000.00 he would pay her $1,000.00. Said amount to be paid by January 15, 1994. The determining factor as to whether he has earned income means earnings from his work as shown on his W-2 Forms or 1099 Forms from earned income. Earned income does not include dividends or interest income.
(3) The husband is to pay to the wife as a contribution to the wife's attorneys' fees, the sum of $5,000.00 within 30 days of the date of this decision. The court finds that its financial orders would be undermined if this order were not made.
(4) The husband shall be responsible for all of the liabilities that he shows on his affidavit and shall hold the wife harmless therefrom.
(5) The wife shall be responsible for all of the liabilities that she shows on her affidavit and shall hold the husband harmless therefrom.
(6) The husband shall maintain as his sole and exclusive property, all of the items that he shows on his financial affidavit under assets, free and clear of any claim of the wife.
(7) The wife shall maintain as her sole and exclusive property, all of the items that she shows on her financial affidavit under assets, free and clear of any claim of the husband.
(8) The husband is ordered in addition to the alimony CT Page 4203 payments previously set forth above to pay as alimony for the remainder of the month of April 1993, from April 16 through April 30, the sum of $1,300.00.
(9) The husband is to assist the wife in allowing her to obtain COBRA coverage on the medical insurance. The cost of maintaining that coverage to be at her sole cost and expense.
(10) The Audi automobile shall be transferred to the wife if it is not already in her name.
(11) All other claims for relief of the wife and the husband not expressly addressed herein including, but not limited to automobile, bank accounts, medical coverage, unreimbursed medical coverage, lump sum alimony and life insurance are denied.
KARAZIN, J.