[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case come to this court on October 22, 1991 when wife appearing pro se filed an action for dissolution of marriage. Thereafter, on October 28, 1991 an answer and cross-complaint was filed by the husband. Thereafter, on April 14, 1992, Eva Clements CT Page 7445 withdrew her complaint. (Note, she attempted to withdraw the case but since the cross-complaint was pending, she effectively only withdrew her complaint.) Thereafter, the case began on the defendant's cross-complaint. Thereafter, the wife filed a motion to open the pleadings and admit a response to the counterclaim. That was granted by the court on April 21, 1993. Thereafter, an answer to the cross-complaint was filed and a cross-complaint was filed by the wife setting forth the relief requested therein. Thereafter, the husband filed an answer to the cross-complaint filed by the wife admitting the allegations of the cross-complaint but denying the relief requested therein. This joined the issues and the trial was completed under those circumstances.
During the course of the proceedings, the parties agreed to refer their dispute over personal property to the Family Relations Division of the court for binding mediation. The court ordered the personal property referred to the Family Relations Division for binding mediation so this decision does not address personal property.
The parties married on October 12, 1985 in Fairfield, Connecticut. The marriage was the first for the husband and the second for the wife. She was born on June 17, 1944 and he was born on July 7, 1946. At the time of the marriage, the wife was the custodian of a minor son age 11. There are no children of this marriage. She was employed at the Greens Farms Academy, a private school as a teacher. She was not certified to teach in the public schools in Connecticut nor is she presently certified to teach in the public schools. She presently pursues a private educational consulting and tutorial practice within her home at 7 Filbert Road, Norwalk, Connecticut. She charges fees for the children she services some of whom have learning disabilities, on an hourly sliding scale based on the parents ability to pay for her contracted services. She has supplemented her income in different ways, including substitute teaching, tutoring and seminars among others. The parties separated in August of 1990. In January of 1991, the husband moved in with another woman.
The husband was also a teacher at the Greens Farms Academy when they met and when they married. He is presently a self-employed architectural "designer" of interior and exterior renovations of residential and commercial buildings and newly constructed additions to those buildings. He is not an architect. His offices are located in the renovated portion of a 1928 railroad car called Sasqua where he maintains an office suite and does his CT Page 7446 business.
The wife is the sole owner of the marital residence which she brought into the marriage. The husband assisted her in buying out her ex-husband's interest in the house. At the time the house was bought out from her ex-husband, her equity in the house was approximately $36,000.00. The house presently has a value of $155,000 with a $93,000 mortgage thereon. Her equity has increased to $62,000.00. During the course of the marriage, the parties have not made substantial income. In 1990 their tax return, plaintiff's Exhibit C showed a total income on line 23 of $25,979.00. Line 23 on their 1989 income tax return showed $31,224.00. Line 23 on their 1988 income tax return showed $24,887.00 combined total income. In 1991 the parties filed separate tax returns. The wife showed on line 23 $18,829.00. The husband showed on his tax return on line 23 $21,200.00. The husband's tax return for 1992 showed on line 23 $14,996.00. The wife's 1992 tax return Exhibit W introduced into evidence showed on line 23 income of $16,255.00.
The husband shows on his current financial affidavit gross income for the first quarter of 1993 of $16,679.00. His net income for the quarter after expenses is $8,977.00. Therefore, his net weekly income is $690.61 per week as shown on his financial affidavit. Although this is his net from his business, it is his gross to him on which he must deduct taxes. He shows net weekly income accordingly from earnings of approximately $660.00. The wife's gross earnings consist of $370.00 per week plus the husband's support of approximately $116.00 plus child support in the sum of $350.00 which she does not reflect on her affidavit.
Exhibit S shows that the wife essentially has normal hearing in both ears except for a mild high frequency loss for the left ear. There is no prognosis as to the future. The court has reviewed the marital separation agreement as defendant's Exhibit 1 from her first marriage. Her college commitment is only as she can reasonably afford at the time. The first husband is obligated to pay child support beyond age eighteen. In fact, he is obligated until the child becomes "gainfully employed." She received no periodic alimony in her first dissolution of marriage.
The court finds that the value of the husband's railroad car and his business is worth somewhere between $39,000.00 and $45,000.00. CT Page 7447
The wife's gross monthly income based on her testimony of tutoring, substitute teaching and private practice is approximately $1,900.00 per month or approximately $23,000.00 gross per year.
The court has listened to all the witnesses and reviewed all the exhibits in the case. In addition, this court has taken into consideration all the statutory criteria set forth in 46b-81, the Assignment of Property and Transfer of Title; 46b-82, the Alimony Statute; and 46b-62, the Attorney's Fees Statute in rendering its decision. In addition, the court has reviewed the financial affidavits of the parties, their claims for relief and all other pleadings in the case.
The husband has been paying periodic monthly alimony of $500.00 per month since March of 1992.
In making this order, the court has taken into consideration Mathis v. Mathis, 30 Conn. App. 292 (1993). That case addresses time limited alimony. The court finds in this case that time limited alimony is appropriate since it is the sound policy that such awards provide an incentive for the spouse receiving support to use diligence in procuring training or skills necessary to obtain self-sufficiency. In addition, time limited alimony may be awarded for rehabilitative purposes. Accordingly, the court makes the following orders:
(1) The marriage is dissolved on the grounds of irretrievable breakdown.
(2) The husband is to pay the wife alimony in the sum of $500.00 per month for 18 consecutive months commencing September 1, 1993.
(3) The wife shall own the premises at 7 Filbert Road, Norwalk, Connecticut free and clear of any claim by the husband. She shall hold him harmless from any mortgage thereon.
(4) The wife may continue to use the Volvo under the lease, provided she makes the payments due thereon. If she chooses not to pay on the lease and return the car, the parties shall be jointly responsible for any deficiency owed on the lease.
(5) Each party shall indemnify and hold the other harmless from any assessments resulting from any liability on any joint income tax returns filed during the marriage as a result of his or CT Page 7448 her income or expenses.
(6) The wife shall retain ownership of the Transamerica Policy insuring the husband's life with a face value of $100,000.00. Said policy shall remain in effect provided that the wife continues to pay the premium costs.
(7) The court awards neither the parties attorney's fees. The court finds that neither of the parties have resources to pay the other's attorney's fees. Their resources are sufficient for them to pay their own attorney's fees. Failure to award the wife's attorney's fees will not undermine the court's other financial orders as made herein. The court notes that the wife has previously been paid $500.00 towards her attorney's fees pendente lite.
(8) All other assets of the wife not addressed herein but shown on her financial affidavit, and not submitted for binding mediation, shall be the property of the wife.
(9) All other assets of the husband not addressed herein but shown on his financial affidavit, and not submitted for binding mediation, shall be the property of the husband.
(10) All of the liabilities shown on the affidavit of the husband except as addressed herein shall be his sole liability. The husband shall hold the wife harmless from any debts thereon.
(11) All of the liabilities shown on the affidavit of the wife, except as addressed herein, shall be her sole responsibility. The wife shall hold the husband harmless therefrom.
(12) All other claims for relief of the parties as set forth in their claims for relief and not addressed herein are hereby denied.
KARAZIN, J.
Decision entered in accordance with the foregoing 8/6/93
M. Condon, Asst. Clerk
All counsel notified 8/6/93 CT Page 7449