[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties married each other on December 4, 1966, in Cohasset, Massachusetts. Four children were born, all issue of the marriage, all now adults. The State of Connecticut never furnished any financial assistance to this family. Jurisdiction is founded on the plaintiff husband's continuous residence in this state for more than one year prior to May 4, 1992, when the complaint and summons were issued. The court finds that the marriage has broken down irretrievably.
The plaintiff, 47, testified at some length concerning the growing incompatibility which began about 7 years ago as the parties' children reached their teenage years. He felt that his wife's quick wit, which he likened to Phyllis Diller's patter, put him in an unfavorable light before their children. He joined a German-American Club, which he attended virtually every Friday, but which did not interest the defendant. He became an avid sailor of sailboats 7 years ago, which hobby he pursued for 4 years. The defendant joined the plaintiff once. Her sailboat capsized, convincing her of her dislike for the activity. Finally, he found a new church, joined in its activities and in September 1991, began socializing with another church member called Georgia, in person and through letters. (Plaintiff's Exhibits A, B and C). On May 9, 1992, the plaintiff moved from the marital home, which was two days after the defendant was served. The court does find that this activity contributed to the breakdown for the marriage, although it had been deteriorating for at least 4 or 5 years, Venuti v. Venuti, 185 Conn. 156.
The plaintiff graduated from college in 1968 with a mechanical engineering degree and in 1980, received an M.B.A., paid for by his employer, Dresser Industries, where he has worked for 24 years.
The defendant, 45, a high school graduate, was married several months after graduation. She worked until her initial pregnancy. For the ensuing 15 years, she was primarily a homemaker and caretaker for the children. For the last five years, she has been employed as a Certified Ophthalmic Assistant by Opticare, where she started at $7.25 hourly, and is presently earning $10.25. There is no pension plan in place at Opticare, CT Page 5714 but it does provide Blue Cross Blue Shield of Conn. at a weekly cost of $12.50. However, there is a delay in enrollment, as well as a one year exclusion for pre-existing conditions. (Defendant's Exhibit #1).
The defendant's health is fair since she suffers from high blood pressure and a foot injury which hampers her mobility and which produces swelling in the foot.
The plaintiff requests that he be ordered to pay time limited periodic alimony. The court finds that the defendant has been dependent upon the plaintiff during the marriage and there is no basis for such a request, Ippolito v. Ippolito, 28 Conn. App. 745.
The plaintiff has automatic life insurance coverage provided by his employer of "1 x annual base pay" (Defendant's Exhibit #5), which is presently $58,320, rounded to $59,000.
The parties stipulated that the marital home fair market value is $114,000. They agreed that the present cash value of the plaintiff's pension is $63,000, and the Dresser stock value is $4,200. Finally, as of April 16, 1993, the alimony arrears was $1,750, which was created when the plaintiff elected to pay tax balances due I.R.S. and the State.
The real estate is encumbered with three mortgages, leaving little or no equity. Neither party wants the property. Since the plaintiff has the greater earning capacity, the court has decided that he is more able to minimize the potential losses to be handled if the property is sold. The plaintiff is more financially capable of managing the potential capital gain and of avoiding its realization by reinvestment in another principal residence.
Having viewed the evidence, while mindful of the statutory criteria, the court enters final judgment and orders as follows:
1. A judgment is entered dissolving the marriage on the complaint on the ground alleged and each party is declared to be single and unmarried.
2. The plaintiff is ordered to pay to the defendant the sum of $300. weekly as periodic alimony until the defendant's remarriage or the death of either party. A wage withholding is ordered. CT Page 5715
3. The defendant is awarded 50% interest in the plaintiff's pension benefits. Her attorney shall prepare a Qualified Domestic Relations Order to effect this order.
4. The plaintiff shall retain the Dresser stock and his I.R.A. as his sole property.
5. The plaintiff shall name the defendant as primary beneficiary on his automatic life insurance coverage provided by his employer and to maintain her thereon for so long as the plaintiff continues to be obligated to pay periodic alimony.
6. The plaintiff is awarded sole ownership of the real estate and he shall assume the payments of the three mortgages, saving the defendant harmless and indemnified. The defendant is awarded exclusive possession of the property for 90 days to allow for an orderly move to other quarters. The contents of the home are awarded to the defendant. The periodic alimony payments shall commence one week after the defendant vacates the premises.
7. The plaintiff shall continue to maintain the defendant on his health plan at work until the defendant's exclusion period for pre-existing conditions has expired. He shall pay the monthly cost of $206.40, or any lesser cost to be determined, as additional periodic alimony while the defendant's coverage remains in effect.
8. The plaintiff shall pay the debts listed on his financial affidavit and hold the defendant harmless.
9. The defendant shall pay the debts listed on her financial affidavit which are not also listed on the plaintiff's affidavit.
10. Each party shall bear the litigation expense incurred by each said party.
Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J. CT Page 5716