[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 36 and the defendant husband, 36, married on February 12, 1984 in Stamford, Connecticut. The plaintiff resided continuously in Connecticut for over one year prior to the date of the filing of the complaint which was served on the defendant on November 15, 1993 and filed on November 22, 1993. There are two children issue of the marriage, Scott Christopher born July 17, 1984 and Andrew Phillip born November 30, 1985. The parties stipulated at the commencement of the trial on April 4, 1995 that they would share joint legal custody with physical custody with the mother and reasonable visitation awarded to the father.
The plaintiff who is in good health and is a high school graduate, has worked at various jobs for various employers during the marriage. She has recently started to distribute Mary Kay cosmetics, having borrowed $400.00 seed money from her friend. The plaintiff is currently working part time. She has employment skills and training as an aerobic instructor, travel agent, dental assistant and as a receptionist. These circumstances justify a limitation on the periodic alimony which, in this case, is rehabilitative in nature, Ippolito v. Ippolito, 28 Conn. App. 745.
The defendant is employed as a salesman by Devonshire Auto Center in Elmsford, New York working about 50 hours weekly and earning $635.00 after taxes and a $50.00 loan repayment deduction. He is in good health and a high school graduate.
The parties purchased a condominium unit home in 1992 for $157,000.00 using a $10,000.00 gift from the plaintiff's parents as a down payment. The property is now worth $150,000.00 and is subject to a mortgage balance of $138,400.00. The defendant vacated the marital home in September, 1993.
The parties have two Hyundai automobiles with a loan exceeding their collective market value and little else of value except defendant's 401(k) plan containing $6,400.00. During the pendency of this action, the defendant borrowed a total of $7,500.00 from the Met Life life insurance policy (Plaintiff's Exhibit #1) and the CT Page 8498 plaintiff withdrew $1,200.00 from a money market account for a retainer to begin this action.
The court finds as fact that the defendant began an adulterous affair in September, 1993 with a woman with whom he still lives. The court concludes that the defendant's conduct was the primary cause of the breakdown. However, the behavior difficulties the mother has been having with the children has not been proven to be caused by this affair.
The plaintiff has also been able to generate $500.00 monthly rent from a lower level apartment in the marital home which has been applied to the monthly mortgage payment. There are unpaid taxes for the Grand List of 1993 of $3,519.17 as of March, 1995. The common charges of $79.00 are in arrears totaling $490.00 as of the time of trial.
The plaintiff has been visiting a psychiatrist for her depression and has been medicated.
In arriving at the child support order, the court finds the plaintiff's net disposable income to be $111.00 based on her February 24, 1993 financial affidavit. The court treats the rent from the lower level apartment as awash. Therefore, the combined net disposable income of the parties is $796.00 (after adding back into the defendant's net his $50.00 loan).
The basic child support obligation is $286.00 weekly. There is no reason to enter an unallocated alimony and child support order in this case nor is there any reason for a deviation.
Having considered the evidence in light of the statutory criteria, the court enters the following judgment.
1. A decree is entered dissolving the marriage on the ground of irretrievable breakdown.
2. The parties are awarded joint legal custody of their two children with physical custody with the plaintiff and reasonable visitation awarded to the father.
3. The defendant shall pay to the plaintiff the sum of $286.00 weekly child support[.]
4. The defendant shall continue to provide medical and health CT Page 8499 insurance for the benefit of the minor children. The plaintiff has her C.O.B.R.A. right of continuation. The parties shall divide equally any uninsured medical bills incurred for the medical or health needs of the children.
5. The defendant shall pay to the plaintiff the sum of $64.00 weekly as periodic alimony until the remarriage of the plaintiff, the death of either party, or until July 1, 1999 which limitation on term is non-modifiable.[1]
6. The plaintiff is awarded the defendant's interest in the marital home known as 16 Willowbrook Avenue, Stamford, Connecticut, and the contents therein. She shall assume the mortgage balance. The plaintiff is responsible for the common charges accruing from January 1, 1995 and the accrued taxes on the Grand List of October 1, 1994.
7. The defendant shall continue to pay the premiums on the Met Life policy issued on his life for $100,000.00 naming the two children collectively as the primary beneficiaries.
8. The defendant shall be solely responsible for the Nat West Visa debt, The First of America Real Estate Tax Services Co. debt, his attorney's fees and his employer's loan. They all appear on his financial affidavit.
9. The plaintiff is awarded 50% of the defendant's 401(k) account by non-taxable transfer to be effected under the supervision of the defendant's attorney.
10. The defendant is awarded the 1993 Hyundai, and shall assume the loan balance, holding the plaintiff harmless and indemnified.
11. The plaintiff is awarded the 1988 Hyundai which is listed by the defendant as unencumbered.
12. The tax refund checks presently in escrow shall be endorsed by the defendant and then delivered to the plaintiff to be used by her to defray her legal expenses.
13. Due to the nature of the pendente orders entered by agreement on December 6, 1993 and modified on February 28, 1994, the court now orders an accounting prepared by each party to determine the present status of the various ongoing costs and CT Page 8500 expenses to be paid by the defendant to the date of this judgment. An evidentiary hearing will be held upon written motion for articulation after the accountings are prepared and any disputes mediated by the Family Relations Office.
14. An immediate wage withholding order is entered, to be modified to contingent upon the plaintiff's agreement or after hearing pursuant to statute.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.