[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 36, and the defendant wife, 39, married on June 19, 1988 at New Canaan, Connecticut. There are two children born of the marriage, Benjamin David, born March 31, 1990 and Joshua Joseph, born February 13, 1992. The parties separated on January 19, 1993 when the defendant committed herself to Silver Hill Hospital. This suit for dissolution was brought returnable to March 16, 1993. On November 17, 1994 a judgment was entered dissolving the marriage after an uncontested hearing at which time a stipulation of the parties (file document #145) was approved by the court as to custody including visitation. In summary, joint legal custody was ordered with the defendant having visitation and the children residing with their father. All financial orders were reserved for hearing which began July 25, 1995.
On May 3, 1993 the plaintiff was ordered to pay an unallocated order of $2,250.00 monthly, to continue the medical coverage for the defendant and the children and to be responsible for the educational costs of the older child, (cf. Defendant's Motion for Alimony, file document #104). At that time, the plaintiff's gross monthly income was $6,166.67 per month and after mandatory deductions, a net disposable salary of $4,307.00 monthly. He was also receiving dividends of $71.00 monthly. (cf. Plaintiff's Financial Affidavit dated May 3, 1993, file document #102). His parents were subsidizing him with weekly gifts of $200.00, (cf. Plaintiff's Financial Affidavit dated April 5, 1993, file document #101). At that time the defendant listed her net weekly disposable income as $111.00. Custody of the children was shared between the parties when the unallocated order was entered but the children subsequently have been living with their father. The plaintiff has continued to pay the unallocated order.
The plaintiff is in good health. He had completed his formal education when he earned an M.B.A. in 1982. The plaintiff has been employed for the past ten years by International Systems Services Corporation (ISS) located in Stamford, Connecticut, a computer consulting business. The plaintiff's title is Manager i.e., a technical expert at an annual salary of $80,000.00. For 1994 he CT Page 8879 received a $5,000.00 bonus paid in January 1995. Salary and with the bonus annualized provides a gross wage of $7,083.33 and $5,096.12 monthly after taxes. ISS has a 401(k) plan in which the plaintiff participated in the past and such account has a present value of $51,582.00. The plaintiff owns 5% of a family corporation, Strassmann, Inc., which is the source of the plaintiff's dividends which he receives. No value was assigned to his interest in the closely held corporation. The plaintiff owns a 1993 Dodge Caravan he values at $9,625.00 and for which purchase he received $9,999.00 from his parents as a gift. In February, 1993 the parties had savings totaling $32,292.00 from which the defendant withdrew $5,000.00 in February, 1993 and an additional $5,200.00 in April, 1993.
The defendant has a Bachelor of Fine Arts degree and a certificate of drafting. Recently she has been attempting to create her own business without much success. In 1994 she was employed by a consultant starting at $15.00 hourly and then receiving $16.50 hourly, leaving at the end of the year. She is proficient in employing computer software "CAD", computer assisted drafting. By her own admission, she has not been diligent in responding to want-ads, waiting a week in one case. Prior to the birth of their older child, the defendant had been employed for several years, earning over $30,000.00 on a consistent basis. The court has concluded that the periodic alimony order to be entered is rehabilitative in nature and should be time limited, Ippolito v.Ippolito, 28 Conn. App. 745.
Although the parties spent much time during the trial tracing their assets as the assets were liquidated and spent, all that now remains are the 401(k) plan, the plaintiff's 1993 Dodge Caravan, the defendant's 1990 Honda Accord, the plaintiff's 5% interest in his father's business, and plaintiff's 1.6% share of his parents' real estate in New Canaan. The plaintiff's life is insured. One policy is for $100,000.00 with Mutual Benefit Life which is in receivership and a second policy is for $750,000.00 written by Amica, for which he pays $133.00 monthly. The children's preschool costs the plaintiff over $1,000.00 monthly in addition to the DCB deducted from his salary. The court is satisfied that the plaintiff has not hidden or transferred any assets as claimed by the defendant.
The defendant experienced an emotional upset in early 1993 from which she now appears to have recovered. She has seen a psychiatrist four or five times in 1995. CT Page 8880
Having reviewed the evidence in light of the statutory criteria, the court enters the following orders.
1. The plaintiff is ordered to pay to the defendant the sum of $300.00 weekly as periodic alimony for 52 weeks, effective as of April 9, 1995 as the parties agreed and which agreement was approved by the court.
Since this order reduces the prior pendente lite order, the annual obligation now ordered of $15,600.00 shall be reduced by any pendente payments made between April 9, 1995 and the date hereof and the balance divided by the remaining 35 weeks i.e., August 13 through April 8, 1996. As of April 9, 1996, the plaintiff shall pay $200.00 weekly periodic alimony until April 8, 2000.
The periodic alimony shall terminate upon the defendant's remarriage, the death of either party, or further court order[1] and all alimony shall terminate in any event on April 8, 2000, which term limitation is non-modifiable. A contingent wage withholding order is entered and the plaintiff is ordered to make payments directly to the defendant.
2. The plaintiff is ordered to pay the balance due Attorney Sari Jaffe for her services as counsel for the minors.
3. The plaintiff shall pay the remaining liabilities listed on his financial affidavit dated July 25, 1995.
4. The plaintiff shall make a lump sum payment to the defendant in the amount of $10,000.00 payable on or before October 15, 1995.
5. The plaintiff shall retain the Dodge Caravan as his sole property.
6. The defendant shall retain the 1990 Honda as her sole property.
7. The plaintiff shall cooperate with the defendant if she elects to continue her medical coverage via COBRA but it shall be at her expense.
8. The plaintiff shall be solely responsible for any uninsured bill balances incurred, for the care of the minors' CT Page 8881 health.
9. The defendant is assigned 25% of the ISS 401(k) plan and the court retains jurisdiction until transfer is completed as a non-taxable event.
10. The plaintiff shall maintain the defendant as primary beneficiary of $75,000.00 life insurance on the Amica policy for so long as he is obligated to pay periodic alimony.
11. The defendant shall be solely responsible for her liabilities as listed on her financial affidavit dated July 28, 1995 except for the billing of Attorney Sari Jaffe which the plaintiff has been ordered to pay.
12. The court enters no child support order since the defendant has no substantial income other than alimony at the present time. The court declines to apply earning capacity at the present time as a means of assigning income to the defendant.
13. The defendant is awarded ownership and possession of the Rosenthal Classic rose pattern china and the set of eight cups and saucers that were purchased from a Hamden antique store. The plaintiff shall retain the cut crystal platter as his sole property. Each party shall continue to be sole owner of all other tangible personal property items as now possessed.
HARRIGAN, J.