[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action were married in New York, New York, on May 15, 1988. They have three minor children, to wit: Sylvia, born October 13, 1991; Lillian, born February 3, 1995; and Aron, born September 6, 1996, all of whom reside with the plaintiff wife ("wife") in the marital home at 424 Cognewaugh Road, Greenwich, Connecticut. The defendant husband ("husband") has resided elsewhere pursuant to a Stipulation (#120.10) of the parties dated June 20, 2001.
The wife is 44 years old and describes her health as good. She is a graduate of Baruch College in 1983, and received a degree in business. Following college, she held a succession of jobs outside the home, and was Vice President of Vendor Programs at Benton and Bowles shortly before the birth of their first child. In July 2000, she formed a public relations consulting firm called Face to Face, with another person, whom she later bought out. Her monthly income (after deduction for business expenses) is $3,717.
The husband is 49 years old, and he is currently on disability leave from his employer, Sands Brothers Company, Ltd. where he worked as a securities broker and portfolio strategist. The husband also has a college degree, and has held a succession of jobs in the securities field throughout the marriage. In the year 2000, his W-2 showed in excess of $490,000 income for the year. He also holds a New York State real estate broker's license. Currently, he receives two disability insurance checks per month, one from Guardian Life Insurance in the amount of $15,000, which is taxable, and another from Northwestern Mutual Life Insurance in the amount of $7,625, which is not. The last Guardian payment will be made this coming May. In addition, he receives a disability income check from the State of New York. His application for Social Security disability benefits was denied, and he has appealed the initial decision. The husband has filed, and received a discharge, for personal bankruptcy during the pendency of this action. CT Page 3348
The husband testified that while he is "physically ok," he has been diagnosed with severe depression and an anxiety disorder, for which he is taking medication. He claims to have suffered a breakdown at work sometime around mid-December 2000. The court notes that he also encountered some serious problems at work resulting in lawsuits and his taking a leave of absence at or about the same time. He claims that the wife was unresponsive and unsympathetic to his attempts to share with her the problems that he was experiencing. The court further notes that about the same time that the wife had advanced him considerable sums in order to settle some of his business affairs. These monies were never accounted for or returned to the wife.
The principal asset of the parties is the marital home at 424 Cognewaugh Road in the Cos Cob section of Greenwich, which is the residence of the wife and three minor children. She testified that, at the husband's insistence, the parties left New York in 1993, and at that time purchased the property in joint names. Title to the home is currently in the wife's name by virtue of a Quit Claim deed executed in December 1996. She now loves Connecticut, and she does not wish to leave. The court heard appraisal testimony from two experts and has reviewed their reports, which are in evidence. The opinions of fair market value range from $1,035,000 to $1,350,000, however, the court finds that the appraisal of Castiglia Associates, Inc. to be more representative of the fair market value of the property. The property has a first mortgage having a current balance of approximately $380,000, in addition to a home equity line having a balance of $150,000, which leaves an equity in the amount of $820,000. The wife testified that substantial improvements were made to the home since the initial purchase, and that approximately $100,000 of these were paid for by the wife from an inheritance from her late father. The evidence discloses that the basic monthly carrying charge (e.g., mortgages, taxes, and insurance) is approximately $4,000.00 per month. The wife testified that when the husband left the family home, he took with him some property, clothing, and the Land Rover.
A substantial amount of conflict revolved around the 1995 Porsche automobile. The car was purchased used, at the insistence of the husband, through the sale of stock and a $25,000 draw against the home equity line. The car has always been in the wife's name, although the husband is the principal driver. The wife testified that the husband has been "obsessed" with the vehicle. However, complicating matters was the wife's seizure of the car during a scheduled court appearance by both parties, and her subsequent hiding of it from the husband. The wife contended that the financial picture of the family warranted its sale. According to the financial affidavits of both parties, the car has a fair CT Page 3349 market value of between $37,000 and $40,000.
The wife testified that her father died about six years ago, and that she inherited $325,000, most of which she received in 1997. The balance, amounting to $20,000 was received in 1999. In addition to the $100,000 which she invested in the house, she gave the husband $200,000 after he told her that he had some "financial problems," including the necessity to settle lawsuits involving his employers and clients. The inheritance is now all gone.
As to the cause of the breakdown, the wife testified that she and the husband were unable to "emotionally connect," and they had not had sexual relations since the beginning of 1997, as the husband was "not interested." She said that he was critical of her "not working anymore," and that he had a "violent temper." For his part, the husband does not feel that he was at fault regarding the breakdown of the marriage. He claims that the marriage was in trouble from the very beginning, and he attributes this to problems the parties were having regarding intimacy.
The court heard from the parties over the course of three days, in addition to final argument. Several outstanding pendente lite issues were resolved by agreement or oral stipulation. The parties, by Stipulation (#197.10) dated November 22, 2002, agreed to the admission of additional evidence, which the court approved and considered the evidence closed as of that date.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in General Statutes §§ 46b-56, 46b-81, 46b-82, 46b-84, and46b-215a, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That it has jurisdiction.
2. That the allegations of the complaint are proven and true.
3. That the marriage of the parties has broken down irretrievably, and that ample evidence exists that both parties have contributed to said breakdown.
4. That the parties entered into a Custody Stipulation (#179.10) dated September 10, 2002, as on file with the court, which the court finds to be in the best interest of the minor children; and that it is appropriate CT Page 3350 that the same be made part of the court file and incorporated by reference herein.
5. That the husband is presently receiving disability income from several sources; that he has applied for Social Security disability income; that he is presently taking medication for depression and anxiety; that his disability status is subject to periodic review; that based upon the statutory factors, including the age, education, earnings, and work experience of the husband, he is capable of supporting himself; and that under all the circumstances, it is equitable and appropriate that the financial orders be based upon his current income.
6. That the wife has a demonstrated earning capacity of at least $44,000.00 per annum; that the court considers her earning capacity, as well as her age and the state of her health to be significant factors in its decision; and that based upon the statutory factors, including the age, education, earnings, and work experience of the wife, a time-limited award of alimony is appropriate. Ippollito v. Ippollito, 28 Conn. App. 745, cert. denied, 224 Conn. 905 (1992); Milbauer v. Milbauer,54 Conn. App. 304, 312-15 (1999).
7. That each party has made significant contributions to the acquisition, maintenance, and preservation of the marital assets; and that the court has accorded significant weight to the fact that the wife has continued to perform the duty as principal care provider of the minor children, while at the same time she has provided financial support through employment outside the home.
8. That title to the real property located at 424 Cognewaugh Road, Greenwich, Connecticut, is in the name of the wife; that said property is a marital asset; that each party has made contributions to the acquisition, maintenance, and preservation of same; that, in particular, the wife contributed at least $100,000 to the improvement of same from funds which she inherited during the marriage; and that based upon the testimony and evidence, the fair market value of the real estate is $1,350,000.
9. That the combined net weekly income of the parties is in excess of the maximum Child Support Guidelines amount; that presumptive basic child support is $684.00 per week; and that the husband's share is $586.00; and that it is appropriate and equitable to apply the deviation criteria set forth in Section 46b-215a-3 (b) (5) of the Child Support and Arrearage Guidelines Regulations on the basis of the coordination of total family support. CT Page 3351
10. That at the time of trial, the parties stipulated and agreed that there was an outstanding arrearage in the amount of $7,369.94; that since that date, the husband has been making regular payments on account thereof; that the parties have further agreed by Stipulation dated March 10, 2003, as on file with the court, that the arrearage as of March 1, 2003 is $2,601.19; and that the agreement is fair and equitable under all the circumstances, and the court incorporates same by reference herein.
11. That each party has sufficient liquid assets and each party should be responsible for their respective attorneys fees and costs incurred in connection with this action. Maguire v. Maguire, 222 Conn. 32 (1992).
12. That the parties entered into a Stipulation (#179.50) dated September 12, 2002, regarding the sharing of costs for the college education of the three minor children; that the agreement is fair and equitable and is in the best interest of the minor children; that the court hereby makes same part of the court file and incorporates it by reference herein; and that it is appropriate that the court reserve jurisdiction pursuant to Public Act 02-128.
13. That the parties entered into an Agreement Re: 2000 Tax Returns dated April 11, 2002, as on file with the court, which agreement is fair and equitable under all the circumstances; and that the court hereby makes same part of the file and incorporates it by reference herein.
14. That on June 25, 2002, the court sanctioned the husband in the amount of $1,250.00 pendente lite; that sum remains unpaid as of the date of this order; that to the extent that it has not been discharged in the husband's bankruptcy; and that to the extent that said sum remains unpaid at the time of the sale of the real estate, or the wife's purchase of the husband's interest therein, as set forth in this order, said sum, without interest, shall be deducted from any sums due and owing the husband.
15. That the husband's financial affidavit lists life insurance policies currently in place; that it is equitable and appropriate that the husband maintain life insurance for the benefit of the wife and minor children in order to secure the alimony and support orders of this court; and that such insurance is in the nature of support and not a property settlement.
16. That at the time of trial, there was an outstanding issue regarding certain insurance reimbursements; that the parties entered into a Stipulation (#196.10) regarding same dated November 22, 2002, as on file with the court; and that it is appropriate that the court approve same and that orders enter in accordance therewith. CT Page 3352
 ORDER
IT IS HEREBY ORDERED:
1. The marriage of the parties is hereby dissolved, and they are each hereby declared to be single and unmarried.
2. The parties shall have joint legal custody of the minor children, Sylvia Statler, born October 13, 1991, Lillian Statler, born February 3, 1995, and Aron Statler, born September 6, 1996. The physical custody of the minor children shall be with the wife, subject to the visitation rights of the husband pursuant to the Custody Stipulation (#179.10) of the parties dated September 10, 2002, as on file with the court.
3. Commencing April 1, 2003, and monthly thereafter, the husband shall pay to the wife a sum equal to fifty percent (50%) of his gross income up to and including $75,000.00 per annum, forty percent (40%) of the next $225,000.00 of his gross income per annum, and twenty percent (20%) of the next $200,000 of his gross income, from all sources, with the exception of interest, dividends, and capital gains, as and for periodic unallocated alimony and child support, until the death of either party, the remarriage of the wife, or March 31, 2013, whichever shall sooner occur. Meaning and intending that alimony be based upon the first $500,000 in gross income per annum, and that all income in excess thereof shall not be subject to alimony. In addition, the term of alimony shallbe nonmodifiable pursuant to General Statutes § 46b-86 (a). Providedfurther, any alimony paid from the Northwestern Mutual disability policyshall not be taxable to the wife or deductible by the husband.
In the event that the alimony shall terminate for whatever reason and any or all children are minors, commencing with the first day of the first month following such termination, and monthly thereafter, the husband shall pay to the wife a sum consistent with the then existing Child Support Guidelines or as the court may otherwise direct, as and for child support, until such time as the oldest child shall reach the age of eighteen years, at which time child support for the remaining child or children, as the case may be, shall again be adjusted in accordance with the then existing Child Support Guidelines or as a Court may otherwise direct. The foregoing notwithstanding, if any child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or their nineteenth birthday, whichever shall sooner occur, pursuant to Section 46b-84 (b) C.G.S. CT Page 3353
4. In addition to the sums set forth above, as and for additional child support, the husband shall contribute to the private school education of each of the minor children up to and including high school, an amount not to exceed $7,500 per year per child. Any sums in excess of this amount shall be divided by the parties 25% to the husband and 75% to the wife. Furthermore, the husband shall contribute to summer camp for each of the children up to and including the summer prior to their senior year of high school in an amount not to exceed $1,000 per year per child, and any sums in excess of this amount shall be divided by the 25% to the husband and 75% to the wife.
5. The wife shall have exclusive possession of the jointly owned real estate located at 424 Cognewaugh Road, Greenwich, Connecticut, subject to any existing indebtedness, and she shall be responsible for the payment of all mortgages, liens, taxes, and insurance, and shall indemnify and hold the husband harmless from any further liability thereunder. The wife shall list same for sale no later than April 1, 2008, with a mutually acceptable broker who is a member of the Multiple Listing Service or other similar organization, familiar with real estate values in the Greenwich area, at a mutually agreed upon listing price. If the parties are unable to agree upon a listing price, each shall choose a broker who, in turn shall pick a third broker, and the listing price shall be the average of all three brokers. Unless the parties shall otherwise agree, she shall accept any bona fide offer without unusual conditions, which is within 5% of the listing price. Upon sale of the property, from the proceeds shall be paid the customary and ordinary costs associated with a sale of real estate, including broker and attorney fees, conveyance taxes, fix-up expenses, and any mortgages and liens. After the payment of these sums, the net proceeds shall be divided 65% to the wife and 35% to the husband.
The foregoing notwithstanding, prior to listing of the property for sale, and subject to the following conditions, the wife, at her sole option, shall have the exclusive right to purchase the husband's interest in the real property (a) for the sum of $200,000, provided she gives notice in writing to the husband on or before January 1, 2004, that she intends to purchase his interest in the real property, and (b) for the sum of $225,000, provided she gives notice in writing to the husband on or before January 1, 2005, that she intends to purchase his interest in the real property, and in either case, provided that she is prepared to close title within ninety (90) days of her notice to the husband or the following April 1, whichever is later. Upon receipt of said sum, the husband shall, in turn, transfer his interest in the real estate to the wife by means of a fully executed Quit Claim Deed, together with a completed conveyance tax form. CT Page 3354
The wife shall execute a simple Promissory Note to the husband in the amount of $200,000, containing the usual language regarding the payment of reasonable attorneys fees and costs in the event of her default, and which shall not bear interest if paid on or before the end of July 1, 2008, but which will carry simple interest at the rate of eight (8%) percent per annum thereafter until paid in full. Said Promissory Note shall be secured by a mortgage deed. The husband shall subordinate the lien of said mortgage to any new mortgage in the event of a refinance of the first mortgage or the wife's obtaining a greater or an additional home equity line, provided that the aggregate face amount of all mortgages and home equity lines, including that of the husband does not exceed 80% of $1,350,000. The court hereby reserves jurisdiction with regard to any issue that may arise in connection herewith.
While she occupies same, the wife shall have the sole responsibility for repairs costing $250 or less. Both parties shall share the cost of any maintenance, repairs, or replacements in excess of $250 in the same proportion as their share of the net proceeds. Either party may advance the full cost of same and an adjustment shall be made at time of sale or transfer. The Court shall retain jurisdiction with regard to any conflicts arising out of this issue.
6. Personal property shall be divided as follows:
A. The children's furniture shall remain in the wife's residence.
B. The home furnishings, including artwork, at 424 Cognewaugh Road, Greenwich (other than the children's furniture and any remaining clothing and personal effects of the husband) shall be the property of the wife free and clear of any further claims by the husband.
C. Except as set forth herein, each party shall be entitled to keep the automobile which they are currently driving (whether owned or leased) free and clear of any claims by the other, and each party shall cooperate with the other regarding the execution of any documentation necessary to transfer and/or register same.
D. Except as otherwise set forth herein, each party shall be entitled to keep their respective savings, checking, and money market accounts free and clear of any claims by the other.
E. The husband shall be entitled to retain the following personal property free and clear of any claims by the wife: CT Page 3355
1. 1995 Porsche (Wife shall transfer title to the husband within two weeks)
2. Bulgari watch (Wife shall deliver to the husband within one week)
3. 1994 Land Rover
4. 1963 Ford Galaxy
5. Sands Brothers Company, Ltd. Amerindo Funds
F. The wife shall be entitled to retain the following personal property free and clear of any claims by the husband:
 1. Jewelry
2. Frequent flyer miles
 3. Her interest in Face to Face
4. $1,000,000 Guardian Life Insurance policy on husband's life (wife to be responsible for premiums)
7. As to the retirement assets:
A. Effective as of March 1, 2003, the then balance of the Sands Brothers Company, Ltd. 401(k) Plan ("Plan") of the husband through his employer, together with any interest and/or additions accrued thereon as of the actual date of distribution, shall be divided by means of a Qualified Domestic Relations Order ("QDRO") which shall be prepared by the attorney for the wife, 50% to the husband and 50% to the wife. The wife and her attorney shall be entitled to any and all information regarding the Plan necessary to the preparation and filing of the QDRO, including, but not limited to prior and current balances and prior account activity. No withdrawals, distributions, or transfers shall be made regarding the Plan except as consistent with this order. The Court shall retain jurisdiction to deal with any issues which may arise with regard to the preparation and filing of the QDRO and the division of the Plan.
B. Within thirty (30) days from the date of this order, the husband shall transfer to the wife, by way of tax-free transfer pursuant to the Internal Revenue Code, a sum equal to one-half the value of Sands Brothers Company, Ltd. IRAs numbered #4NY-809052 and #4NY-809102, as of the date of transfer or within thirty days hereof, whichever is CT Page 3356 sooner.
8. The husband shall promptly notify Sands Brothers Company, Ltd. as to the change of marital status and shall cooperate with the wife in obtaining continuation health insurance coverage, including dental coverage, as provided by state and federal law. The wife shall be responsible for the payment of any premiums due for such coverage. Consistent with the oral Stipulation of the parties dated September 10, 2002, the husband shall be responsible for one-half of the unreimbursed expenses incurred by the wife for Dr. Jeffrey Weinberger, including the deductible, incurred during the COBRA period.
9. Consistent with the oral Stipulation of the parties dated September 10, 2002, the husband shall maintain and pay for health insurance, currently an Oxford Point of Service Plan, for each of the minor children so long as he shall be obligated to pay child support for that child. Un-reimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses, including any deductibles, for the minor children, shall be divided by the parties, 50% by the husband and 50% by the wife. The provisions of General Statutes § 46b-84 (e) shall apply.
10. The husband shall maintain a portion of the existing $700,000 Guardian Life Insurance policy as shown on his financial affidavit in an amount of $500,000, and shall name the wife and minor children as equal beneficiaries thereof for so long as he has an obligation to pay alimony and/or child support under the terms of this decree.
11. Except as otherwise set forth herein, the parties shall each be responsible for their individual debts as shown on their respective financial affidavits, and they shall indemnify and hold each other harmless from any further liability thereon. Any remaining joint debts, not discharged by the husband's bankruptcy, shall be the responsibility of the parties, 50% by the husband and 50% by the wife. The court hereby retains jurisdiction with regard to any dispute which may arise in connection herewith.
12. Commencing with the tax year 2003 and thereafter, the husband shall be entitled to the tax exemption for the minor child Sylvia, and the wife shall be entitled to the exemption for the minor children Lillian and Aron. Each shall promptly execute the necessary documentation and deliver same in a timely manner to the other for filing with the IRS and/or state taxing authority on an annual basis.
13. The court hereby reserves jurisdiction to enter appropriate CT Page 3357 educational support orders for each of the minor children consistent with the Stipulation (#179.50) of the parties dated September 12, 2002, and pursuant to Public Act 02-128.
14. Each party shall be responsible for their respective attorneys fees and costs incurred in connection with this action.
15. The existing arrearage of pendente lite alimony and child support shall be paid in accordance with the Stipulation of the parties dated March 10, 2003, as on file.
16. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to secure the payment of the alimony and child support order.
17. The court has reviewed a Stipulation (#198.10) by and between the parties dated November 22, 2002 and believes that no useful purpose would be served in prolonging the litigation. Accordingly, motion #192 is HEREBY DISMISSED and the objection thereto (#193) is HEREBY SUSTAINED.
 THE COURT SHAY, J.
CT Page 3358